Hough, J.
This is a proceeding in error from the court of appeals of Henry county, to review a judgment of the court of appeals denying the relator a. writ of mandamus.
The record contains the findings of fact and the conclusions of law upon which the judgment of the court of appeals was based.
*381 William Creager entered into a contract with Henry county for the construction of a road. Thereafter he subcontracted the grading of the road to one Schroeder, whereupon Schroeder took unto himself a partner, one Vajen, and commenced “the performance of the contract.
After Schroeder’s contract had been partially performed, and before its completion, the county surveyor issued to Creager two several estimates of the work done. The county commissioners of Henry county duly allowed the estimates, and thereupon the county auditor, the defendant in error herein, issued warrants upon the county treasury, in each case corresponding to the estimates so issued and so allowed by the commissioners. The warrants were issued to William Creager & Co., contractor of the road in question, and read as follows: “The Treasurer of Henry County pay to William Creager or order,” etc. The first of these warrants was given to Schroeder at the office of the auditor, and the second was given to Vajen. The treasurer paid Schroeder the amount called for in the first warrant upon his endorsement of the warrant in blank, and the treasurer took up the second warrant, which was endorsed “William Creager & Co.,” “Henry L. Vajen,” and paid the amount thereof to Henry L. Vajen.
Creager claims that he never authorized Schroeder or Vajen to receive the warrants, and in fact that he never authorized the issuance of the estimates upon the contract, and the court of appeals in the finding of facts found this to be true.
Creager is seeking in this action a writ of mandamus to compel the auditor to issue and deliver to him warrants to cover the estimates, for the reason *382 that he has never received the amounts due thereon.
This court is therefore called upon to determine whether the court of appeals erred in finding as its conclusion of law on the above facts that the relator was not entitled to a writ of mandamus against the auditor of Henry county. There is no error unless the county auditor has failed or refused to perform some clear legal duty incumbent upon him as such auditor.
The briefs of counsel on both sides agree that the auditor’s duties in such a case are provided for in Sections 2460 and 2570, General Code. These sections, in part, read as follows:
“Sec. 2460. * * * No public money shall be disbursed by the county commissioners, or any of them, but shall be disbursed by the county treasurer, upon the warrant of the county auditor, specifying the name of the party entitled thereto * *
“Sec. 2570. Except money due the state * * * the county auditor shall issue warrants on the county treasurer for all moneys payable from such treasury, upon presentation of the proper order or voucher therefor * * *. He shall not issue a warrant for the payment of any claim against the county, unless allowed by the county commissioners. ’ ’
In this case the county commissioners allowed the claims and the warrants corresponding thereto were issued upon the county treasury. The county auditor complied with these two sections in all respects, unless their construction would require him, as auditor, after issuing the warrants, to deliver them to the person named in the warrants as the payee, and this is the sole and only question upon which the case turns.
He issued the warrants in the usual form, corres *383 ponding in amount to the allowance made by the county commissioners, and payable to the contractor or order, and then handed the warrants so drawn, in the first instance to Schroeder, and in the second instance to Vajen, who were connected with the road contract, of which fact there is probably no doubt that the auditor had information, although the record is silent as to whether or not he knew of their connection with the contract.
There can be no doubt that public officials charged with the duty of issuing warrants for public funds should use due care and diligence in the delivery of warrants to the proper persons. On the other hand, it cannot be said that the auditor is ah insurer, in the absence of a clear statutory mandate of that character. He must issue his warrants in conformity to the provisions of the statute, and thereafter act in accordance with the rules of improved business methods. The warrants so issued were regular on their face, payable to the contractor or his order. Those warrants were transferable only upon the legal endorsement of the payee, the same as any commercial paper. There is nothing in the record tending to show that he did not act in the utmost good faith, nor is there anything to show that he did not comply with the intent and meaning of the law.
The relator has failed to show a dear legal right, and has failed to show any failure of a clear legal duty on the part of the county auditor in this case.
The judgment of the court of appeals is free from error, and is affirmed.

Judgment affirmed.

Johnson, Jones and Matthias, JJ., concur.